GENS v. BLINDER et al.

(Supreme Court, Appellate Term, First Department.   November 8, 1912.)

USURY (§ 117*)—DEFENSE—SUFFICIENCY OF EVIDENCE.

Evidence in an action on a note *held* insufficient to sustain the burden resting on the defendant to prove his defense of usury.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 328–340; Dec. Dig. § 117.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Frank Gens against Abraham Blinder, doing business as the Trans-Continental Tobacco Company, and others.   From a judgment for defendants, plaintiff appeals.   Reversed, and new trial ordered.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

I. Gainsburg, of New York City, for appellant.

Isador Leifer, of Brooklyn (David Drechsler, of New York City, of counsel), for respondents.

PER CURIAM.   This action was brought against the defendants to recover upon a promissory note for $100; the maker being

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Blinder and the other defendants being indorsers. The defendants admitted the making and indorsing of the note, but set up that the note was delivered to Blinder by plaintiff under a usurious agreement that Blinder was to pay the sum of $12 interest for the use of said $100 for a period of four months.

The only question litigated was that of usury. Blinder testified that he sought a loan of $100 of the plaintiff; that the plaintiff told him to make a note and get it indorsed, and he would loan him the money; that on December 12, 1911, he gave plaintiff the note in suit, indorsed by his codefendants, and received in return a check for $98, the plaintiff having deducted $2 as interest; that the plaintiff then asked him for $10 in cash for making the loan; that he then gave plaintiff a check for $10, payable to "bearer"; that this was done in the presence of one Zlot, to whom the plaintiff immediately handed the check, and Zlot gave plaintiff the cash thereon. This was positively denied by the plaintiff, and Zlot, who was sworn as a witness for defendant, also denies ever having been present at any such transaction or conversation. The check produced by the defendant and claimed by him to have been given the plaintiff is dated December 13, 1911, one day later than the date of the note, and Zlot testified that he cashed that check at the request of Blinder, and gave Blinder the amount of the same.

There is nothing to show why the check, if given for the purpose claimed by Blinder, should have been dated a day after he received the loan, and the check is not indorsed by the plaintiff. The burden of sustaining the defense of usury was upon the defendant, and from the foregoing statement of the testimony it will be seen that defendant failed to sustain that burden.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.